ENRIQUE LÓPEZ DELGADO, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 885. Submitted February 10, 1933.—Decided April 19, 1933.

*R. del Toro Soler* for appellant.    The registrar appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the Court.

This appeal has been taken by reason of the refusal of the Registrar of Property of San Germán to cancel a record of a servitude appearing on the books of the registry.

In 1893, Julio P. Castro Gravenhorst, who was the owner of a tract of land of 40 acres (*cuerdas*), segregated therefrom and sold a parcel of 13 acres to Zenón Montalvo Avilés. When the deed of sale was recorded in the registry in the name of Montalvo, the following was stated:

"It has been agreed that Mr. Castro may continue using the road across the land sold to Mr. Montalvo, who consents to and acknowledges this right or servitude in favor of the vendor. Therefore, Mr. Zenón Montalvo Avilés records his sale title with the servitude of right of way above mentioned."

Afterwards Montalvo consolidated said parcel with a larger tract owned by him, and in 1925 he segregated the said 13 acres and sold them to Enrique López Delgado, in whose name they were recorded in the registry. In November, 1932, López Delgado petitioned the registrar in writing for the cancellation of the record of the above mentioned servitude of passage, on the grounds that, according to the documents presented to the registrar by the petitioner, Julio P. Castro Gravenhorst had renounced such right of servitude, and that this person had died. Said documents are: a private document signed by Julio P. Castro before a notary, in which he expressly renounced said servitude; and the other was a certificate issued by the Civil Registry of Mayagüez showing that the said Castro had died. The registrar refused to cancel the record of the servitude.

The reasons for the refusal are set forth in a lengthy decision which may be summarized as follows: That, as the servitude was established in 1893, the right acquired and recorded must be determined in accordance with the Civil Code then in force; that this is a real servitude and not a personal one, according to the instrument creating it; that the said servitude is claimed to be personal although according to the Civil Code then in force no such servitudes existed; that, as the servitude was established by a public deed, its renunciation must also appear in a public deed; that the private document containing the renunciation is not admissible for the purpose of the registry, according to section 2, subdivision 2, and section 3 of the Mortgage Law. The registrar cites the judgment of the Supreme Court of Spain of July 4, 1899, relating to servitudes, but it bears no relation to the instant case.

The fundamental controversy existing in this case between the registrar and the appellant is that the former maintains that the servitude recorded in the registry is a real servitude, while the latter claims that it is a personal servitude.

The code in force when the servitude the object of this proceeding was established, provided as follows:

"Section 530.—A servitude is a burden imposed upon real property for the benefit of another estate belonging to a different owner.

"The real property in favor of which the servitude is established is called the dominant estate, and the one subject to it is called the servient estate.

"Section 531.—Servitudes may also be established for the benefit of one or more persons or of a community to whom the encumbered estate does not belong."

Although much has been written by the commentators on the Spanish Civil Code from which was derived, with few modifications, the code in force in this jurisdiction in 1893, and by the commentators on similar codes of other nations, as to whether personal servitudes exist, and as to whether the so-called personal servitudes are mere rights or burdens

upon the property of another person as in the case of mortgages, and as to whether or not the rights of usufruct, use, and habitation are personal servitudes, we are of opinion that, since section 531 above cited prescribes that servitudes may be established for the benefit of one or more persons or of a community to whom the encumbered estate does not belong, it must necessarily be concluded that at the time the servitude in the present case was created, the purchaser, Montalvo, could establish a personal servitude of passage in favor of the vendor Castro. That being so, it now becomes necessary to examine what is shown by the registry, in order to determine whether the servitude is a real or a personal one.

The record does not show a servitude of right of way across the parcel of 13 acres sold, in favor of the remainder of the estate from which the same was segregated nor in favor of any other property. It does not show that there is a dominant estate in favor of which the servitude has been established. On the contrary, what appears therefrom is that the purchaser agreed that Castro would continue using the path across the property of 13 acres, and that the purchaser consented to and acknowledged this right or servitude in favor of the vendor. If to what has been said we add, that in determining whether a servitude is real or personal, it must be borne in mind that in the construction of a clause relating to a servitude, the law favors the freedom of land from burdens and charges, and that in the sale of any property when the vendor reserves some right therein, any doubt as to such reservation must be settled against the limitation of ownership, we must arrive at the conclusion that the servitude appearing in the registry is personal and not real.

Since this is a case of a personal servitude established in favor of Castro, such right terminated upon his death and did not pass to his heirs, as it was a purely personal right. *The Roman Catholic Church* v. *The People*, 11 P.R.R. 451;

Manresa, Commentaries on the Civil Code, vol. 5, p. 322. Therefore, since the death of Julio P. Castro Gravenhorst was proved in the registry by means of an authentic document, his right became extinguished and the record thereof must be canceled in accordance with sections 78, 79 (2), and 82 of the Mortgage Law, as amended in 1923 (Session Laws, pp. 212 and 218).

Since the recorded servitude has thus become extinguished, it is not necessary to decide whether or not the document containing the renunciation is admissible in the registry.

The decision appealed from must be·· reversed, and the cancellation sought ordered.